Chester R. MORRIS, Appellant,

v.

Honorable Tom E. JOHNSON, County Judge, Appellee.

No. 10777.

Court of Civil Appeals of Texas.

Austin.

June 8, 1960.

Rehearing Denied June 29, 1960.

Chester R. Morris, appellant, pro se.

Graves, Dougherty & Gee, Robert J. Hearon, Jr., Austin, for appellee.

HUGHES, Justice.

This is a prolongation of the controversy reflected in our opinion in Morris v. Nowotny, Tex.Civ.App., 323 S.W.2d 301, writ of error refused, NRE.

The proceeding here is by Chester R. Morris, his adversary being the Honorable Tom E. Johnson, County Judge of Travis County.

Appellant's original petition was styled "Petition to Correct Records." His prayer was "Wherefore the plaintiff prays that the County Court records for Cause No. 1801 be corrected to show the full truth."

Cause No. 1801, referred to by appellant in his prayer was Cause No. 1801, entitled "In the Matter of Chester R. Morris, Mental Illness," on the docket of the County Court of Travis County.

In addition to his original petition, appellant has filed six so-called "Supplemental Petitions." In each of these petitions, he has prayed for the same relief as that sought in his original petition.

Appellee pleaded that the Trial Court was without jurisdiction to grant the relief sought by appellant. This plea was sustained and appellant's suit dismissed.

Appellant has five points, the first four relating to the jurisdictional question and the last complaining of the failure of the Trial Court to allow time for amendment before dismissing the suit.

As to the latter point, we called upon appellant to suggest the substance of any amendment which he proposed to file. In response to this request appellant has filed a supplemental brief in which he suggests that his petition could be amended so as to pray for a writ of mandamus against the Judge of the County Court to require him to correct the records of the County Court in the particulars sought.

▮ It is our opinion that such amendment would not obviate the jurisdictional defect which we believe exists and which, in our opinion, constitutes an insuperable impediment to granting appellant any relief in this proceeding based upon the nature of the complaint pleaded. We do not believe that any relevant fact or relief could be alleged or prayed for which would constitute a cause of action over which the Trial Court would have jurisdiction.

The County Court Case No. 1801, was, as is shown in our former opinion, supra, a proceeding under Art. 3193o–1, Vernon's Ann.Civ.St., since repealed, to commit appellant temporarily to the Austin State Hospital for observation and treatment as authorized by such law.

This statute did not authorize nor provide for any appeal to any court from such order of commitment.

The only case cited to us discussing this statute is Ex parte Giannatti, Tex.Civ. App., 189 S.W.2d 191, 192, by the San Antonio Court of Civil Appeals. That case was an appeal from a district court judg-

 

ment denying an application, for a writ of habeas corpus by a person committed to a hospital under such act. Holding the law constitutional and not subject to collateral attack the judgment of the district court was affirmed, the court saying:

"We conclude that the County Court under the constitution and statutes has general jurisdiction to commit persons who are mentally ill to State Hospitals for a period of not exceeding ninety days without first allowing a jury trial."

The importance of this case here is to show that the County Court herein was acting within its constitutional jurisdiction and that the district court has no statutory appellate or supervisory powers or jurisdiction over the county court or its judge in a proceeding under Art. 3193o–1, under which appellant was committed in Cause No. 1801.

The general rule is stated in 11–B Tex. Jur. p. 336, as follows:

"Other than certain well-defined appellate powers in respect of probate matters, a district court can exercise no supervision over a county court when the latter is acting within its constitutional jurisdiction."

There is another rule of law which effectively prevents and prohibits the relief sought by appellant in this case: Records of a Court can be altered only by the Court itself. 21 C.J.S. Courts § 232. This is the rule in Texas. We quote from Gerneth v. Gailbraith-Foxworth Lumber Co., 117 Tex. 205, 300 S.W. 17, 20:

"There is a line of decisions of which Willis v. Smith, 90 Tex. 635, 636, 40 S.W. 401, Boggess v. Harris, 90 Tex. 476, 39 S.W. 565, and Ennis Merc. Co. v. Wathen, 93 Tex. 622, 57 S.W. 946, are examples, holding that only the trial court has the authority to make a correction of its own records. This is unquestionably true, since no other court would have the authority to cor-

rect any mistatement in the record. Every court is the keeper of its own records and the judge of their correctness."

The failure of the Trial Court to afford appellant an opportunity to amend his pleadings was error, but in our opinion harmless error since appellant does not suggest and we do not know of any relevant facts upon which an amendment could be based which would entitle appellant to any relief.

The judgment of the Trial Court is affirmed.

Affirmed.