Chester R. MORRIS, Appellant,

v.

Tom E. JOHNSON, Appellee.

No. 10864.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 12, 1961.

Chester Morris, pro se.

Graves, Dougherty, Gee & Hearon, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order granting appellee, Tom E. Johnson, judgment in a suit filed by appellant, Chester R. Morris, seeking damages for false imprisonment.

In an earlier suit of Morris v. Nowotny et al., Tex.Civ.App., 323 S.W.2d 301, er. ref., N.R.E., certiorari denied 361 U.S. 889, 80 S.Ct. 164, 4 L.Ed.2d 124, the appellant here sought damages against appellee and others for a large sum, for "false imprisonment, false arrest, libel, violation of civil rights and for being falsely barred from readmission to The University of Texas," and alleging "that he was arrested January 31, 1956 and dismissed March 15, 1956," and that this confinement was without due process of law.

The instant suit is an action for damages for the same alleged false imprisonment, and pleads in support of his claim that "defendant did conspire" with the other defendants to bring about the alleged false imprisonment.

The defendant Tom E. Johnson filed his Motion on May 27, 1960 for a Summary Judgment, and as grounds pleaded the former suit with its allegations, final judgment of the District Court that plaintiff take nothing, the appeal of the cause and the disposition thereof as hereinabove recited, and that the matters sought to be litigated in the present suit are identical with the matters that were litigated in the former suit; that the cause of action now sought to be litigated is barred on the ground of *res judicata,* and prayed for a hearing and that the plea of *res judicata* be sustained.

The plaintiff filed his answer to the motion denying the same.

There were prior orders entered by the Court and the judgment of August 11, 1960 was vacated.

The final judgment from which this appeal is made is dated October 24, 1960, and is as follows:

"On the 24th day of October, 1960, came on for hearing plaintiff's Motion for a New Trial, the plaintiff appearing in person, *pro se,* and the defendant

appeared by and through his attorneys of record. Both plaintiff and defendant announced ready on said Motion for a New Trial, whereupon the Court duly considered the reasons advanced by plaintiff in his said Motion for his failure to appear at the hearing held on August 11, 1960, on defendant's Motion for Summary Judgment, and determined that the judgment and order heretofore rendered on the 11th day of August, 1960, should be set aside, the defendant interposing no objection to this procedure, and that defendant's Motion for Summary Judgment and Motion to Vacate Commission for Taking of Deposition should both be reconsidered on their merits. Whereupon both plaintiff and defendant announced ready on defendant's Motion for Summary Judgment and Motion to Vacate Commission for Taking of Deposition, and the Court heard arguments from both the defendant and the plaintiff *pro se* on said Motions, and at the request of defendant the Court took judicial notice of the pleadings and court records in cause No. 109,089 on the docket of this Court, and after due consideration of the argument, the pleadings in the present cause, and the pleadings in the aforesaid cause No. 109,089, the Court finds that there is no genuine issue as to any material fact; that the matters attempted to be litigated in the present suit are identical with the matters that were litigated between the plaintiff and defendant in cause No. 109,089; that consequently plaintiff's cause of action sought to be litigated herein has already been litigated between said parties in cause No. 109,089 and is barred on the ground of *res judicata;* that plaintiff has no claim against defendant Tom E. Johnson; and that said defendant is entitled to judgment as a matter of law.

"Therefore, it is Ordered, Adjudged, and Decreed that judgment be and is hereby entered in favor of defendant Tom E. Johnson, and that plaintiff take nothing from said defendant.

"The Court further finds, after due consideration thereof, and after hearing the arguments of counsel for the defendant and of plaintiff *pro se* thereon, that the Motion to Vacate Commission for Taking of Deposition filed herein by defendant should be in all things sustained and the temporary order entered herein on July 26, 1960, with respect to the taking of said defendant's deposition, should be made permanent, there being no purpose to be served by the taking of said deposition, while the taking of said deposition would unduly and without reason annoy, oppress, and cause undue expense to the defendant, and prevent proper attention to his official duties as county judge of Travis County.

"It is *accordinly* Ordered, Adjudged and Decreed in accordance with Rule 186b, Texas Rules of Civil Procedure, that said motion be and it is hereby sustained and that the deposition of defendant Tom E. Johnson in this cause not be taken and that any commission for the taking of such deposition heretofore issued be quashed.

"It is further Ordered that the defendant herein recover his costs in this behalf expended.

"Dated, signed, and entered this 31st day of October, 1960.

"s/ J. Harris Gardner
"District Judge, 53rd
Judicial District,
Travis County, Texas."

■ We believe that the Court was justified in entering the judgment. The relief sought in both cases is the same. Girardin v. Dean, 49 Tex. 243; Freeman v. Mc-Aninch, 87 Tex. 132, 27 S.W.2d 97; Gabb v. Boston, 109 Tex. 26, 193 S.W. 137, and cases cited.

It is to be observed that the Court sustained the defendant's Motion to vacate the commission to take defendant's deposition and is no abuse of discretion or an erroneous action of the Trial Judge.

The judgment of the Trial Court is affirmed.