Chester R. MORRIS, Appellant,

v.

Q. C. TAYLOR, Appellee.

No. 10933.

Court of Civil Appeals of Texas.

Austin.

Feb. 7, 1962.

Rehearing Denied Feb. 21, 1962.

Chester R. Morris, pro se.

Taylor & Tyler, Austin, for appellee.

RICHARDS, Justice.

This is another suit in the seemingly endless litigation initiated in Morris v. Nowotny et al., Tex.Civ.App., 323 S.W.2d 301, error ref., N.R.E., cert. den. 361 U.S. 889, 80 S.Ct. 164, 4 L.Ed.2d 124.[1]

Suit was brought by Chester R. Morris, appellant, against Q. C. Taylor, appellee, for the recovery of damages for malicious prosecution as a result of alleged false testimony given by appellee as attorney for Anthony P. Rousos, one of the defendants in University of Texas et al. v. Morris, Tex., 344 S.W.2d 426, at the hearing on application for temporary injunction filed by Rousos to restrain appellant from proceeding further in the suit filed by appellant against Rousos in the United States District Court of New Mexico until final adjudication of the consolidated suit then pending in the 53rd District Court of Travis County, Texas, in which appellant was plaintiff and the University of Texas and others, including Rousos, were defendants.

Both appellant and appellee filed motions for summary judgment under the provisions of Rule 166–A, Texas Rules of Civil Procedure. Both motions for summary judgment were submitted upon the pleadings and affidavits of the respective parties supporting their respective motions. The Court having taken judicial notice of its records

I. Morris v. Johnson, Tex.Civ.App., 336 S.W.2d 817 error ref., N.R.E.; University of Texas et al. v. Morris (Tex.Sup.), 344 S.W.2d 426, reversing Tex.Civ.App., 337 S.W.2d 169; Morris v. Johnson, Tex.Civ.App., 348 S.W.2d 228, error ref., N.R.E.; Morris v. University of Texas et al., Tex.Civ.App., 348 S.W.2d 644; judgment of Court of Civil Appeals reversed and appeal dismissed by the Supreme Court of Texas in opinion rendered January 10, 1962; 352 S.W.2d 947; Morris v. Hargrove, Tex.Civ.App., 351 S.W.2d 666, error ref., N.R.E.; Morris v. Rousos, Tex. Civ.App., 354 S.W.2d 591; and Morris v. Hoerster and Middleton, Tex.Civ.App., 348 S.W.2d 642, error ref., N.R.E. all cases having been decided adversely to Morris except the case last cited.

in the consolidated cause in which the temporary injunction was granted against appellant and in favor of Rousos, who was represented by appellee as his attorney of record, sustained appellee's motion and rendered judgment that appellant take nothing by his suit, from which adverse judgment this appeal has been perfected. Appellant's motion for summary judgment was denied.

■ Appellant, who is not a lawyer, has appeared pro se in this suit. In his petition appellant sues appellee for $2,000.00 damages for malicious prosecution alleging that appellee made false sworn allegations in the prosecution for temporary injunction which he filed on behalf of his client Rousos in the consolidated cause above referred to, which false allegations were made maliciously and without probable cause in that appellee falsely alleged that a multiplicity of suits had been instituted by appellant in various courts, both State and Federal in the State of Texas and in the Federal Court in the State of New Mexico. It is clear from the sworn testimony of appellee as a witness on behalf of his client Rousos at the hearing on the application for temporary injunction, which testimony is attached to appellee's affidavit, that no false statements were made by appellee. It is further apparent that when appellee so testified on behalf of his client Rousos he was acting in good faith in asserting his client's defenses in the litigation to which his client was a party, and even if appellee's testimony was erroneous, which it is not, there is no proof in the record that such testimony was given through malice or in bad faith.

■ If appellant's petition stated a cause of action for damages based upon the alleged false or perjured testimony which the Trial Court held that it did not and with which conclusion we are in agreement, it is fundamental that in the absence of a statute to the contrary, an unsuccessful litigant who has lost his case because of perjured testimony cannot maintain a civil action for damages against the person who commits the perjury. Morgan v. Graham,

U.S.C.A. 10, 228 F.2d 625, 627, 54 A.L.R.2d 1290; 70 C.J.S., Perjury § 93. There is no statutory provision in Texas to the contrary. In addition, appellee's testimony was privileged. Reagan v. Guardian Life Ins. Co., 140 Tex. 105, 166 S.W.2d 909, 912.

■ Again, even if appellant's petition stated a cause of action against appellee for damages for malicious prosecution, which it did not as held by the Trial Court with which conclusion this Court concurs, it is essential that in order to recover in an action for malicious prosecution the following essential elements or allegations must be both pleaded and proved: (1) the commencement of a civil judicial proceeding, (2) its legal causation by the defendant against the plaintiff who was the defendant in the original proceedings, (3) its bona fide termination in favor of the plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice, and (6) damages conforming to legal standards resulting to plaintiff. Mosley v. Harkins, Tex.Civ.App., 147 S.W.2d 309, 310, no writ history; 54 C.J.S. Malicious Prosecution § 4.

There is no allegation or proof that any civil or other proceeding was instituted against appellant by appellee as plaintiff in any court, State or Federal. There is no allegation or proof that appellee caused the commencement of any civil proceeding in any court against appellant unless the filing of the application for temporary injunction against appellant by appellee as attorney for Rousos who was a defendant in the consolidated cause in which appellant was plaintiff could be deemed the commencement of a civil judicial proceeding by appellee against appellant. Moreover, the termination of the proceedings for temporary injunction filed by appellee as attorney for Rousos was not in favor of but adverse to appellant (344 S.W.2d 426).

■ In a summary judgment proceeding the burden is upon the movant to prove clearly his right to summary judgment as

a matter of law. Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. All doubt as to the existence of a genuine issue as to a material fact must be resolved against the movant and the Court accepts as true all evidence of the opposing party which tends to support his contention. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931.

After having carefully considered the entire record, the pleadings and the various affidavits filed by each of the parties in support of their respective motions for summary judgment, it is our opinion that there was no genuine issue of material fact and no cause of action being properly alleged under the pleadings in favor of appellant for damages for either malicious prosecution caused by appellee or which resulted from alleged false testimony given by appellee in a judicial proceeding, the Trial Court properly granted appellee's motion for summary judgment against appellant resulting in a judgment that appellant take nothing by his suit against appellee. The action of the Trial Court in denying appellant's motion for summary judgment against appellee was correct as a matter of law.

All of appellant's points of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.