**James L. GOETTEE et al., Appellants,**

v.

**Harley W. McCONNELL et al., Appellees.**

**No. 7782.**

Court of Civil Appeals of Texas, Beaumont.

March 18, 1976.

Joel W. Cook and Barry Allan Brown, Houston, for appellant.

Wiley Thomas and Jerry Benedict, Angleton, for appellee.

STEPHENSON, Justice.

This is an appeal from a judgment granting two motions for summary judgment. Plaintiffs, James L. Goettee, James L. Goettee Building Company, and John R. Francis brought this action in Harris Coun-

ty against Harley McConnell, Gary McConnell, Commerce Savings & Loan Association (Association) and Spring Woods Bank. Pleas of privilege filed by Gary McConnell and the Association were granted, and the cause of action as to them was severed and transferred to Brazoria County. Those defendants then filed the motion for summary judgment which was granted resulting in this appeal.

Both of the motions for summary judgment state two grounds—first, that plaintiffs' petition is insufficient in law to allege a cause of action; second, that the pleadings, depositions, and admissions on file show that there is no genuine issue as to any material fact. Plaintiffs make the statement in their brief, that there was no summary judgment evidence. There is none in our record, and defendants do not deny that statement. Under Tex.R.Civ.P. 419, we accept such statement as true leaving us solely with the question as to whether plaintiffs' pleadings state a cause of action against these defendants.

Situations in which a defendant's motion for summary judgment can be sustained are very limited. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

The most recent opinion of the Supreme Court of Texas on this subject is *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974). In that case, the plaintiff brought an action under the Texas Tort Claims Act against the Department of Corrections for personal injuries received in a basketball game while a prisoner in Huntsville. The trial court granted the Department's motion for summary judgment holding as a matter of law that plaintiff had not stated a cause of action under the Texas Tort Claims Act. The Court of Civil Appeals reversed and remanded [500 S.W.2d 718 (Tex.Civ.App.—Houston [14th Dist.] 1973)], and the Supreme Court affirmed that action.

The Supreme Court stated that it agreed Herring's pleadings failed to state a cause of action. However, the rule is clearly restated that a motion for summary judgment cannot be used to take the place of a special exception. If special exceptions had been filed and sustained, Herring would have had an opportunity to amend as a matter of right. That Court held specifically that the protective features of special exception procedure should not be circumvented by a motion for summary judgment on the pleadings where the plaintiff's petition fails to state a cause of action. That opinion distinguishes that situation from one in which a plaintiff pleads himself out of court; e. g., the plaintiff affirmatively negates his cause of action. (citing two cases at 513 S.W.2d 9, which will be discussed later) Our problem is to determine whether the case before us is covered by the *Herring* Case rule, or the exception to that rule.

Plaintiffs' pleadings are generally as follows: that plaintiffs were injured by various acts of their former attorney, Harley McConnell; his brother, Gary McConnell; the Association; and Spring Woods Bank—all acting in concert. The lengthy petition is divided into several categories designated as: security fraud, common-law fraud, deceit, constructive fraud, and injunction to enforce cumulative voting.

The scheme alleged, running throughout these various categories, in essence, is that Harley McConnell, through fraud and deceit reduced plaintiffs' stock in the Association from a part of the majority or control group to that of a minority stockholder; that the value of plaintiffs' stock was substantially lower as minority stock; that both Gary and Harley McConnell became a part of the control group; that such position of control was accomplished through a conspiracy participated in by the McConnell brothers.

The two cases cited in the *Herring* Case, supra at 9, as being examples of cases in which a plaintiff affirmatively negates his cause of action are *Schroeder v. Texas & Pacific Ry. Co.*, 243 S.W.2d 261 (Tex.Civ. App.—Dallas 1951, no writ), and *Morris v. Hargrove*, 351 S.W.2d 666 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.). The *Morris* Case is one for malicious prosecution and plaintiff's petition showed on its face that

the criminal proceeding had not been terminated favorably to plaintiff, but was on appeal. The rule is that the criminal action must have been terminated in a plaintiff's favor before he can maintain a suit for malicious prosecution. The *Schroeder* Case is one in which the pleadings show the deceased was a licensee and his recovery from the railroad had to be based upon gross negligence. The petition alleged only acts which amounted to ordinary negligence.

We hold that the case before is controlled by the rule of the *Herring* Case, supra, and that it was error for the trial court to grant the motions for summary judgment upon the pleadings. See also, *Gottlieb v. Hofheinz*, 523 S.W.2d 7, 9, 13 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd).

REVERSED and REMANDED.