**Richard L. CHANDLER, d/b/a Skyline Plumbing and Hardware, Appellant,**

v.

**James E. GILLIS and Clarence Williams, Appellees.**

**No. 6928.**

Court of Civil Appeals of Texas, El Paso.

Oct. 31, 1979.

Rehearing Denied Nov. 21, 1979.

Richard L. Chandler, El Paso, pro se.

Calhoun, Morton, Deason & Preslar, Charles A. Deason, Jr., Scott, Hulse, Marshall & Feuille, Frank Feuille, IV, El Paso, for appellees.

## OPINION

OSBORN, Justice.

This appeal is from a summary judgment denying recovery in a suit seeking both actual and exemplary damages for alleged perjured testimony given by the two Appel-lees in another case where a judgment was recovered against the Appellant. We affirm.

In a suit styled "Carnes Company v. Richard L. Chandler, d/b/a Skyline Plumbing and Hardware," the Appellees herein, James E. Gillis and Clarence Williams, both testified adversely to the position of Mr. Chandler. As a result of that testimony, he filed this suit alleging:

> This is a suit sounding in Tort wherein joint and several tortfeasors Gillis and Williams committed a civil wrong against Plaintiff Chandler by giving perjured testimony in a civil law suit, . . .

The prayer at the end of that pleading requests:

> [T]hat on final hearing, this Court find that Defendants did give perjured testimony in Cause Number 77–6473 and as a result of this tortious action Plaintiff sustained actual damages in the amount of $9,426.63 and examplary damages in the amount of $18,852.72, and that the Court enter judgment in favor of Plaintiff Chandler against Defendants, jointly and severally, . . .

Each Defendant filed an answer denying the allegations and each filed a Motion to Dismiss, or, in the alternative, Motion for Summary Judgment. It was asserted in these motions that the petition failed to state a cause of action, and the motion by Williams asserted that judgment in the case where he testified was res judicata on the issue raised in this case. Chandler filed a response in opposition to the Motions to Dismiss and Motions for Summary Judgment. He specifically asserted a right to amend and replead if his pleadings were defective. The Court, after a hearing, entered an order decreeing "that Defendants' Motions to Dismiss or, in the alternative, Motions for Summary Judgment, be in all things granted and sustained, and the Plaintiff's cause of action against said Defendants is hereby dismissed, . . ." Appellant was given no right to amend his pleading.

In *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974),

the Court recognized that the provisions of a special exception, which permit a right to amend, should not be circumvented by a motion for summary judgment on the pleadings where plaintiff's pleadings failed to state a cause of action. That rule is universally accepted by the courts of this State. *Smith v. Ortman-McCain Company*, 537 S.W.2d 515 (Tex.Civ.App.—Austin 1976, writ ref'd n. r. e.); *Goettee v. McConnell*, 535 S.W.2d 396 (Tex.Civ.App.—Beaumont 1976, no writ). But, in the *Herring* case the Court recognized that a party may plead himself out of court by pleading facts which affirmatively negate his cause of action. In such cases, it is proper to grant a motion for summary judgment.

Quite clearly, under the law of this State, any communication made in the course of a judicial proceeding is absolutely privileged and immune from civil liability for damages, and this includes perjured testimony. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942); *Clark v. Grigson*, 579 S.W.2d 263 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Morris v. Nowotny*, 398 S.W.2d 661 (Tex.Civ.App.—Austin 1966, writ ref'd n. r. e.); *Morris v. Taylor*, 353 S.W.2d 956 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.), cert. denied 371 U.S. 842, 83 S.Ct. 71, 9 L.Ed.2d 78 (1962).

The Appellant, relying upon the holding in *Morgan v. Graham*, 228 F.2d 625 (10th Cir., 1956), asserts that a civil action in tort may be based upon perjured testimony if all elements necessary to maintain such an action are present. The footnote in that particular case makes reference to 70 C.J.S. Perjury § 93, p. 559. That text recognizes that, under some statutes, an action will lie for damages sustained through perjury resulting in a judgment against the party suing. But, the Court's opinion in *Morris v. Taylor*, supra, makes it clear that there is no statutory provision in Texas creating such a right.

Certainly, there are those cases upon which a summary judgment may be based upon the pleadings alone. *Morris v. Hargrove*, 351 S.W.2d 666 (Tex.Civ.App.—Austin 1961, writ ref'd n. r. e.), and *Schroe-der v. Texas & Pacific Ry. Co.*, 243 S.W.2d 261 (Tex.Civ.App.—Dallas 1951, no writ), which are cited in the *Herring* case are examples of such cases. Also, see *Dallas County Flood Control District v. Benson*, 157 Tex. 617, 306 S.W.2d 350 (1957). We conclude that the Appellant pled facts which affirmatively negated his cause of action. In any event, the error in granting the Motions for Summary Judgment without providing a right to amend was harmless error where the pleading could not be amended to state a cause of action since such a cause of action does not exist in this State. 4 McDonald, *Texas Civil Practice* sec. 17.26.8 at 154 (1971).

The Appellant's points of error 1, 2, 3 and 5 are overruled. It is not necessary for us to pass upon the fourth point of error with regard to the plea of res judicata, but, if that issue were necessary to a decision of the case, we would sustain the point of error and hold that that plea could not be a basis for the summary judgment which was entered in this case.

The judgment of the trial Court is affirmed.

STEPHEN F. PRESLAR, C. J., not sitting.