**In the Matter of the MARRIAGE OF Howard Strawn HAM and Theresa Kathleen Ham and in the Interest of David Paul Ham, A Child.**

No. 06–00–00082–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 20, 2001.

Decided Oct. 4, 2001.

---

Edwin E. Buckner Jr., Law Offices of Edwin E. Buckner, Jr., for appellant.

Vernard G. Solomon, Marshall, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Theresa K. Saxon, formerly Theresa K. Ham, appeals the trial court's summary judgment of her Bill of Review seeking to set aside the divorce decree dissolving her marriage to Howard S. Ham. Saxon contends that the trial court erred in granting Ham's Motion for Summary Judgment and in finding that the pleadings lacked one of the essential elements and proof necessary to present a proper Bill of Review. Saxon also raises the issue of whether the lack of either service of process or waiver in the underlying divorce proceeding deprived Saxon of due process and fair notice of the divorce proceeding, thus constituting fundamental error. Because the order dispensing with the Bill of Review did not address whether Saxon's signature on the agreed judgment constituted an appearance and because the answer depends on factual determinations, this court will not review this final point of error.

A divorce decree was issued without Saxon being served or signing a waiver of service of process. Saxon did discuss and sign a divorce decree, drafted by Ham's attorney, that awarded a disproportionate share of the community property to Ham. Saxon sought a Bill of Review alleging lack of service or waiver, inducement by Ham's fraudulent and wrongful acts to sign the divorce decree entered by the court, and facts explaining how Ham prevented Saxon from asserting her rights in the divorce proceedings, mentioning in detail Saxon's psychiatric history. The petition also alleged no adequate remedy available despite Saxon's due diligence, again citing her psychiatric condition, and requested relief in the form of setting aside the divorce decree and ordering a new and just divorce decree.

Ham was granted summary judgment at a hearing on the Bill of Review. Ham's Motion to Dismiss was made for the first time, orally, at that hearing. There was no Motion for Summary Judgment or Motion to Dismiss filed. No evidence was introduced at the hearing, although Saxon was prepared to offer her own testimony as well as that of a psychiatrist to support her Bill of Review. The only evidence other than the pleadings contained in the record are three affidavits: one from Saxon, one from a woman who knew of Saxon's emotional distress, and the third from a secretary in the office that handled the divorce decree (describing the events surrounding the preparation of the agreed divorce decree).

The judgment itself states that it is a summary judgment, but there was no

Motion for Summary Judgment presented orally or filed, and therefore no supporting affidavits attached to provide summary judgment evidence. *See* TEX.R. CIV. P. 166a. There was no hearing scheduled to consider the summary judgment, *see* TEX.R. CIV. P. 166a, but instead the judgment was rendered at a hearing on the Bill of Review. In addition, the ground on which the judgment was rendered, pleading defects, are not proper for summary judgment. *In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994); *Saenz v. S. Union Gas Co.*, 916 S.W.2d 703, 705 (Tex.App.—El Paso 1996, writ denied).

 Even if the judgment granting the motion to dismiss was a judgment dismissing the Bill of Review for defective pleadings, mistakenly named a summary judgment, there was no motion to dismiss filed. A motion to dismiss is also not the appropriate method to raise defects in the pleadings, as such defects should be raised by special exception. A judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. *Farias v. Besteiro*, 453 S.W.2d 314, 317 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

It does not appear that the judgment could have been a judgment on the Bill of Review itself, because not only were the grounds on which it was based inappropriate, but the hearing was inadequate to grant or deny the Bill of Review. The irregular proceedings make it difficult for this court to determine what exactly it is reviewing, let alone what standard of review to apply.

 On appeal from an improperly granted summary judgment due to a pleading defect, the court will deem the stricken pleading reinstated, and if it suffi-ciently states a claim, the summary judgment will be reversed. If not, and if an amendment would not make the pleading sufficient, the procedural irregularity in granting the summary judgment instead of dismissing it will be disregarded as harmless error. *See* 3 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 29:14 (2d ed.2000). The court in *Chandler v. Gillis* affirmed summary judgment, finding that the error in not providing the right to amend was harmless because an amendment could not remedy the petition's failure to state a cause of action because the pleading affirmatively negated its own cause of action. *Chandler v. Gillis*, 589 S.W.2d 552, 554 (Tex.Civ. App.—El Paso 1979, writ ref'd n.r.e.). In that case, defendant filed a motion to dismiss or summary judgment and plaintiff specifically asserted a right to amend if the pleadings were defective, but the court granted the summary judgment without giving leave to amend. *Id.* at 553. The court in *Kale v. Palmer* also affirmed summary judgment because the petition did not state a permissible cause of action in Texas. *Kale v. Palmer*, 791 S.W.2d 628 (Tex.App.—Beaumont 1990, writ denied). In that case, special exceptions were filed and responded to, and both parties filed for summary judgment. *Id.* at 630–31. This case differs from the *Chandler* and *Kale* cases because the parties in those cases followed proper procedure regarding improper pleadings; here, they did not.

 Except under the general contention that the court erred in granting summary judgment, Saxon does not raise defects in the Bill of Review procedure in her appeal. Although an appellant waives error by not raising it, the Texas Supreme Court held in *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970), that such a broad point of error is sufficient to preserve complaint on appeal for all grounds

on which a summary judgment may be based. *Id.* at 121.

■ The procedural defects in this case were so egregious as to render the judgment reversible error. For reasons of judicial economy, we subject the record to the standard of review stated above regarding an improperly granted summary judgment due to pleading defect. The pleadings sufficiently state a claim in their original form, and if there had been any lack of specificity, it could be made sufficient by amendment; therefore, the procedural irregularity in granting the summary judgment was not harmless error, and the case should be remanded for proper proceedings.

Saxon contends the court erred in finding a required element lacking in her Petition for Bill of Review. Because the judgment stated only that the pleading lacked a necessary element and did not specify which element, we will review all the essential elements.

■ A bill of review is an equitable proceeding to set aside a final judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407 (Tex.1987). To be entitled to relief, a plaintiff in a bill of review action is ordinarily required to prove three elements: (1) a meritorious claim or defense; (2) which he was prevented from asserting by the fraud, accident, wrongful act, or mistake of the opposite party or a mistake by court personnel in the execution of official duties; and (3) unmixed with any fault or negligence of his own. *Id.* at 408; *W. Columbia Nat'l Bank v. Griffith,* 902 S.W.2d 201, 205 (Tex.App.—Houston [1st Dist.] 1995, writ denied). However, "A judgment entered in the absence of service of process and with substantial adverse consequences to the party in default is a violation of due process, and may be set aside without any showing of meritorious cause." *See* 5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE § 29:14 (2d ed.1999). In such cases, it is also unnecessary to allege either fraud, wrongdoing, or mistake of the respondent. But the petitioner must still show no negligence and no adequate remedy at law. *Id.; Jarrett v. Northcutt,* 592 S.W.2d 930 (Tex.1979). The reasoning for this exception applies to default judgments. *Winrock Houston Assoc. Ltd. P'ship v. Bergstrom,* 879 S.W.2d 144, 149 (Tex.App.—Houston [14th Dist.] 1994, no writ).

■ Saxon's petition was sufficient to raise an issue of material fact regarding service of process. Ham argues that Saxon's signature on the divorce decree constituted an appearance in court. However, Saxon alleged that her signature was induced by fraud and wrongdoing. She also alleged a psychological disorder at the time she discussed and signed the decree. While Ham cited cases establishing that a signature on an agreed judgment constitutes an appearance, none of the cases cited addressed the issues Saxon raised, incapacity or fraud. A signature obtained by fraud or wrongdoing should not deprive a person of a meritorious defense. Whether there was fraud in procuring the signature is a question of material fact that precludes summary judgment. A signature does not constitute an appearance if the person signing lacked the mental capacity to sign, especially if, as Saxon alleged, the person producing the signature to the court is aware of that incapacity. The degree of Saxon's psychiatric disorder is in contention, but her allegations raise an issue of material fact that preclude summary judgment.

■ The absence of negligence on Saxon's part, in not having raised her claims in the original proceeding, is stated in terms of having exercised due diligence in discovering the fraud or wrongdoing

after the rendition of judgment. Saxon alleges that she exercised due diligence in discovering the fraud and that failure to do so before thirty days since the judgment had elapsed was due to her psychiatric disorder. The standard for negligence is lack of ordinary prudence. A person who knew or by the exercise of ordinary prudence could have known of the judgment in time to have invoked a legal remedy, but negligently failed to do so, will not have judgment set aside on a bill of review. *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied). However, an incompetent defendant cannot be negligent. *See Lee v. Thomas*, 534 S.W.2d 422, 427 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). Because Saxon was involved in discussions regarding the decree and because she signed the decree, Saxon by exercise of ordinary prudence should have known of the judgment in time to invoke a legal remedy, but she alleges she was unable at that time to exercise such prudence because of her mental condition. To determine if someone in Saxon's position could have exercised such prudence, it would be necessary to determine Saxon's position regarding her mental state and, as stated above, that is a question of fact precluding summary judgment. Saxon's petition, as mentioned above, was sufficient to allege lack of negligence on her part in not pursuing her claims. Any lack of specificity in the pleadings could be remedied by amendment.

Saxon also provides alternative allegations for the first two elements: a meritorious claim and fraud or wrongdoing by the opposing party preventing the assertion of those claims. Saxon alleged that Ham prevented her from asserting claims and rights to a greater share of the parties' marital estate, custody of their child, child support, and spousal maintenance. The Final Decree of Divorce, attached to her pleading, supports the assertion that there was a disproportionate award. She did not go into detail about what her defenses or claims would have been had she not been prevented from raising them at trial. "[T]he petition must generally allege propositions that, if established, justify a conclusive decree...." *See* 5 Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice § 29:14. Therefore, the pleadings here may be deficient for lack of specificity. Regardless, such deficiency may be remedied through amendment.

Saxon's allegation that she was not served with process, coupled with her allegations that her signature on the Final Decree of Divorce was induced by Ham's fraud and wrongful acts, implies additional fraud or wrongful acts in Ham's failure to serve such process. Saxon goes into detail about her psychiatric disorder and the actions Ham took to induce her to sign the agreed judgment. Saxon specifically states that such actions prevented her from raising her claims in the divorce proceedings.

The fraud alleged in a bill of review must be extrinsic and collateral to the issues in the underlying action. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950); 5 Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice § 29:14. Examples include preventing a party from attending court by fraudulently failing to serve a defendant with personal service in order to obtain judgment without actual notice, *Forney v. Jorrie*, 511 S.W.2d 379 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.), and failing to disclose to the court that a party is incompetent so a guardian ad litem could be appointed, *Miller v. Miller* 487 S.W.2d 382 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.). This is in contrast to intrinsic fraud, which would relate to the merits of issues presented in the underlying action.

The fraud that Saxon alleges—the failure to serve process or obtain a waiver,

the fraudulent inducement of a signature, and other acts exploiting Saxon's psychiatric disorder—do not touch the merits of the issues presented in the underlying divorce action. They are similar to the examples above. Thus, it appears that Saxon has set out several grounds to satisfy the second element. Although the factual allegations as to this element could have been more specific, they are enough to put Ham on notice in order to defend against the allegations in the hearing on the Bill of Review.

■ Saxon's original Petition for Bill of Review, if legally or factually deficient, is remedial through amendment. Although a finding that Saxon made an appearance would force her to prove the remaining elements, Saxon's case does not rise or fall on that issue because she presents alternative grounds for each element.

We reverse the judgment of the trial court and remand the case to the trial court for proper proceedings.