

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00453-CV

TOM FRANKLIN                                                    APPELLANT

V.

CITY OF FORT WORTH AND CITY                                       APPELLEES
OF FORT WORTH-CODE
ENFORCEMENT

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 17-261505-12

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

In two issues, Appellant Tom Franklin, pro se, appeals from the trial court's order dismissing with prejudice his claims against Appellees the City of Fort Worth and the City of Fort Worth-Code Enforcement (collectively, the City) for

---

[1]*See* Tex. R. App. P. 47.4.

failure to comply with an earlier order sustaining the City's special exceptions. We affirm the order as modified.

## Background

Franklin filed a lawsuit against the City entitled "Complaint Based on Harassment and Discrimination," seeking $10,000,000 in damages for mental stress and physical pain and the issuance of a cease and desist order or an injunction against the City. The suit appears to arise from a citation the City issued to Franklin.

The City filed a general denial and special exceptions, alleging: (1) Franklin's complaint did not plead the discovery level for the case as required by Texas Rule of Civil Procedure 190.1; (2) paragraphs six, seven, eight, nine, and ten of Franklin's pleading did not give fair notice of his claims under Texas Rules of Civil Procedure 45(b) and 47(a); and (3) the City of Fort Worth-Code Enforcement was not a proper party because the code enforcement department is simply a department of the City of Fort Worth. *See* Tex. R. Civ. P. 45(b) (stating that a pleading must state plaintiff's cause of action in "plain and concise language"), 47(a) (stating that a pleading must set forth a short statement of the causes of action sufficient to give fair notice of the claim involved), 190.1 (stating that a plaintiff must allege a discovery control plan in the first numbered paragraph of the original petition).

After a hearing, the trial court sustained the City's special exceptions and ordered Franklin to replead and cure the defects identified by the special

2

exceptions by December 7, 2012.  The order warned Franklin that failure to do so would result in the trial court striking the defective paragraphs in Franklin's petition.

Franklin failed to replead by the deadline, and the City filed a motion to dismiss on December 11, 2012, asking the trial court to strike the defective paragraphs identified by the City's special exceptions.  The trial court scheduled a hearing on the motion to dismiss for January 4, 2013.  Franklin was notified of the hearing by certified mail, but he failed to appear.  The trial court granted the City's motion, dismissing Franklin's claims with prejudice.

## Discussion

### I.  Due Process and Dismissal of Franklin's Claims

As part of his first issue, Franklin asserts that the trial court denied him due process of law by dismissing his claims without a hearing.  But because Franklin did not raise his due process complaint in the trial court, Franklin failed to preserve this complaint for appellate review.  *See* Tex. R. App. P. 33.1(a)(1)(A) (stating that in order to preserve a complaint for appellate review, the record must show that appellant made the complaint to the trial court and stated the grounds for ruling with sufficient specificity that the trial court was made aware of the complaint); *see also Nivens v. City of League City*, 245 S.W.3d 470, 475 n.6 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (finding that taxpayers failed to preserve their argument that the trial court violated their due process rights by granting the City's plea to the jurisdiction when taxpayers did not raise the issue

3

before the trial court); *In re Baby Boy R.*, 191 S.W.3d 916, 921 (Tex. App.—Dallas 2006, pet. denied) (stating that constitutional claims must be raised in the trial court or they are not preserved for appellate review), *cert. denied*, 549 U.S. 1080 (2006).[2]

Franklin also argues that the City refused to respond to his discovery requests and that the trial court refused to compel the City to answer his requests. But Franklin did not file a motion to compel. Because Franklin did not file a motion to compel, he has waived his complaint regarding the trial court's failure to compel the City to respond to his discovery requests. *See* Tex. R. App. P. 33.1(a)(1).

Franklin also generally complains that the trial court erred by dismissing his case. Generally, review of a trial court's dismissal of a case based on the grant of special exceptions requires examination of two distinct rulings: (1) the decision to sustain the special exceptions and (2) the decision to dismiss the cause of action. *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet. denied). But because Franklin does not challenge the trial

---

[2]We note that even if Franklin had preserved his due process complaint for our review, Franklin was not denied a hearing at any stage of the proceedings in the trial court. Franklin was afforded a hearing on the City's special exceptions and a hearing on the City's motion to dismiss. Even though Franklin did not appear at the hearing on the City's motion to dismiss, Franklin does not complain that he did not receive notice of the hearing. At the hearing, the trial judge asked the City to provide evidence that Franklin had notice of the hearing. In response, the City offered and the trial court admitted into evidence a copy of the letter the City mailed to Franklin notifying him of the hearing and a copy of the certified mail return receipt signed by him.

4

court's ruling on the City's special exceptions, he has waived any complaint regarding the sustaining of the special exceptions. *See Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.) (stating that if an appellant does not challenge the trial court's ruling sustaining special exceptions, "any error in the sustaining of the special exceptions is waived"); *see also Holt v. Reprod. Servs., Inc.*, 946 S.W.2d 602, 604 (Tex. App.—Corpus Christi 1997, writ denied) ("An appellant who complains of the dismissal of a cause of action following the sustaining of special exceptions must first attack the trial court's decision to sustain the special exceptions and then attack the court's decision to dismiss the cause of action."). Thus, we address only the trial court's order dismissing Franklin's claims. *See Cole*, 864 S.W.2d at 566–67.

A trial court may not dismiss a case after sustaining special exceptions without first giving the nonexcepting party an opportunity to amend its pleadings. *Ford v. Performance Aircraft Servs., Inc.*, 178 S.W.3d 330, 336 (Tex. App.—Fort Worth 2005, pet. denied) (citing *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Marts ex rel. Marts v. Transp. Ins. Co.*, 111 S.W.3d 699, 706 (Tex. App.—Fort Worth 2003, pet. denied)). If a party refuses to amend, the trial court may strike the objectionable pleadings and dismiss the suit if the remaining allegations in the petition fail to state a cause of action. *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ) (noting general rule that if a party refuses to amend, a court is within the bounds of its discretion in striking the objectionable parts of the pleadings); *D.A. Buckner Constr., Inc. v.*

5

*Hobson*, 793 S.W.2d 74, 75–76 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (same).

Franklin had twenty-eight days to amend his pleading, but he failed to do so, notwithstanding the trial court's warning that it would strike the defective paragraphs if Franklin failed to amend within the prescribed time period. Without paragraphs six through ten, there are no pleadings supporting Franklin's claim for damages or his requests for a cease and desist order and for injunctive relief. Thus, the remainder of Franklin's allegations against the City fails to state a cause of action, and the trial court did not err by dismissing Franklin's suit.

It was improper, however, for the trial court to dismiss Franklin's suit with prejudice. The City argued in its motion to dismiss that dismissal with prejudice was proper because even if Franklin did replead, he would not have a valid cause of action for the reason that his causes of action against the City were barred by governmental immunity and neither the Texas Tort Claims Act nor any other statute waived the City's immunity. Dismissal with prejudice may be proper if a pleading defect cannot be cured by amendment. *See, e.g., Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 386 (Tex. 1991); *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 141 n.16 (Tex. App.—Texarkana 2000, no pet.). But "a trial court should not dismiss a plaintiff's claims with prejudice if the pleadings state a valid cause of action and the pleading defect can be cured by amendment." *Barcroft v. Cnty. of Fannin*, 118 S.W.3d 922, 927 (Tex. App.—Texarkana 2003, pet. denied).

6

The City did not raise any complaint in its special exceptions that Franklin failed to state a valid cause of action, and its motion to dismiss was not the appropriate method to raise this pleading defect. *See In re Marriage of Ham*, 59 S.W.3d 326, 330 (Tex. App.—Texarkana 2001, no pet.) ("A motion to dismiss is also not the appropriate method to raise defects in the pleadings, as such defects should be raised by special exception."). Franklin could have amended his petition to cure the defects identified in the City's special exceptions by pleading the discovery level for the case, amending paragraphs six through ten to give fair notice of his claims, and deleting the City of Fort Worth-Code Enforcement as a party, but Franklin was not given the opportunity to amend his pleadings to address the City's complaint that he failed to plead a valid cause of action. Therefore, the trial court should not have dismissed Franklin's claims with prejudice. *See Barcroft*, 118 S.W.3d at 927; *see also In re Marriage of Ham*, 59 S.W.3d at 330 ("A judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings.").

Therefore, we hold that the trial court did not err by dismissing Franklin's claims against the City. Accordingly, we overrule Franklin's first issue. But we hold that the trial court's order dismissing Franklin's lawsuit with prejudice was improper. The trial court's order will be modified to reflect a dismissal of Franklin's lawsuit "without prejudice."

7

## II. Trial Court Bias

In his second issue, Franklin contends that "there was a quick rush to immediate and prior judicial bias." We construe this as complaint that the trial judge should have recused herself due to bias. *See* Tex. R. Civ. P. 18b(b)(2) (providing that "a judge must recuse in any proceeding in which . . . the judge has a personal bias or prejudice concerning the subject matter or a party").

Under rule 18a, a party seeking recusal must file a verified motion stating with particularity why the judge should not hear the case. Tex. R. Civ. P. 18a(a). If a party does not comply with these mandatory requirements, he waives his right to complain of the trial judge's refusal to recuse himself. *See McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Even though Franklin raised the issue of the trial judge's bias in his response to the City's motion to dismiss, he failed to comply with the mandatory requirements set forth in rule 18a. *See* Tex. R. Civ. P. 18a(a). Therefore, Franklin has waived his right to complain on appeal that the judge should have recused herself because she was biased.[3] *See McElwee*, 911 S.W.2d at 186. Accordingly, we overrule Franklin's second issue.

---

[3]Even if Franklin had preserved his complaint that the trial judge should have been recused, we have carefully reviewed the record and find no evidence of judicial bias. When a request for recusal is based on alleged bias of the judge, the bias must be "extrajudicial and not based upon in-court rulings." *Grider v. Boston Co., Inc.*, 773 S.W.2d 338, 346 (Tex. App.—Dallas 1989, writ denied), *disapproved on other grounds by Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 250 n.42 (Tex. 2002). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and opinions the judge

**Conclusion**

The trial court's dismissal of Franklin's claims with prejudice was improper. We modify the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice." Having overruled Franklin's two issues, we affirm the trial court's dismissal order as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED: July 24, 2014

---

forms during a trial do not necessitate recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)). There is no evidence in the record of extrajudicial bias or deep-seated favoritism or antagonism by the trial judge.