**Ira SIRATT, Appellant,**

v.

**CITY OF RIVER OAKS, Appellee.**

No. 15830.

Court of Civil Appeals of Texas.

Fort Worth.

June 28, 1957.

Rehearing Denied Sept. 20, 1957.

Calloway Huffaker and Harold Green, Tahoka, for appellant.

Marvin B. Simpson, Jr., Fort Worth, for appellee.

BOYD, Justice.

Appellant Ira Siratt sued appellee City of River Oaks for damages for personal injuries sustained when an automobile in which he was riding plunged into an open pit or gap in a roadway being built through the City by Worth Construction Company under a contract with the State of Texas, which contract was made pursuant to an agreement between the State and the City that the State would construct the road and maintain it so long as it should be a designated highway. Summary judgment was entered for appellee.

Appellant had previously sued the Construction Company for damages for the identical injuries for which recovery is here sought, and final judgment was for the defendant in that case. For a detailed statement of the factual background, see Siratt v. Worth Construction Company, Tex.Civ.App., 263 S.W.2d 842 and 154 Tex. 84, 273 S.W.2d 615; the companion case of Driver v. Worth Construction Company, Tex.Civ.App., 264 S.W.2d 174 and 154 Tex. 66, 273 S.W.2d 603; and Driver v. Worth Construction Co. (Siratt v. Worth Construction Company), Tex.Civ.App., 277

S.W.2d 940. Appellee was not a party to either of such former suits.

Although in the former suit appellant failed to establish that his injuries were due to negligence of the Construction Company, he insists that he may nevertheless maintain this suit since appellee had the nondelegable duty to protect the users of its streets, and that the injuries occurred because of appellee's negligent breach of that duty to appellant.

The motion for summary judgment was based upon theories that: the former judgment was res judicata; appellant was estopped by the judgment; the judgment was stare decisis; appellant had made an election of remedies by suing the Construction Company; the City had no control over the roadway since it was being built by the Construction Company under a contract with the State; the roadway had never been open to public use; it was under the exclusive control of the State Highway Department; and the City owed no duty to appellant or the public.

■ The roadway in question was in the process of being constructed and had not been opened to public use. It would therefore seem that the rule as to municipality's duty to protect users of its streets is not applicable.

■ There is no question but that the Construction Company was an independent contractor. Appellee had no right to control the details of the work or to dictate how it should be accomplished. And it is a general rule that a contractee is not answerable for the acts of an independent contractor. 27 Am.Jur., p. 504, sec. 27; 57 C.J.S. Master and Servant § 584, page 353; T. J. Mansfield Const. Co. v. Gorsline, Tex.Com.App., 292 S.W. 187; Walter Irvin, Inc., v. Vogel, Tex.Civ.App., 158 S.W.2d 93. That rule is applicable to municipal corporations. McQuillin, Municipal Corporations, Vol. VIII, p. 8267, sec. 2662, and authorities cited under note 30; 38 Am.Jur., p. 296, sec. 600.

■ At most, appellee had no more than a derivative liability which could be invoked only had appellant's injuries been due to negligence of the Construction Company. Where the liability of the defendant is derivative, a judgment in favor of the party from whom the liability is derived may be set up as a defense, even though the defendant in the latter suit was not a party to the first action. Freeman on Judgments (5th Ed.), vol. 1, sec. 469; Good Health Dairy Products Corporation v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401; 15 R.C.L., p. 956, sec. 432; Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009; 133 A.L.R., Annotation, page 181; Eastland County v. Davisson, Tex.Com.App., 13 S.W.2d 673.

The judgment is affirmed.