Benny **BLUNDELL,** Appellant,

v.

George S. **LEMON, Sr.,** Appellee.

No. 8750.

Court of Civil Appeals of Texas, Texarkana.

Feb. 26, 1980.

Michael Thomas, Robert S. Fain, Jr., Thomas & Fain, Dallas, for appellant.

Robert Rolston, Russell & Rolston Law Offices, Mt. Pleasant, for appellee.

RAY, Justice.

This is a summary judgment case. Appellant (plaintiff), Benny Blundell, brought suit against George S. Lemon, Sr., appellee (defendant), seeking the specific performance of a purported contract for the sale of 120 acres of land in Franklin County, and in the alternative, a suit for damages based upon the alleged fraudulent conduct of

Lemon. Lemon filed a motion for summary judgment and the trial court granted a partial summary judgment in favor of Lemon, declaring that Blundell take nothing by virtue of his claim for specific performance and for an equitable lien against the property. Lemon's son apparently purchased the land under a previously executed contract. The trial court entered its order severing the partial summary judgment from the remaining issues relative to fraud. Blundell submits one point of error for our consideration.

■■■ Appellant Blundell's single point of error is as follows:

"The trial court erred in granting Appellee's motion for summary judgment."

While appellant's point of error is a general one, it could be sufficient to challenge the summary judgment on appeal pursuant to Tex.R.Civ.P. 418. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970). However, an examination of the complaint under this point of error reveals that Blundell is insisting for the first time, on appeal, that a material fact issue existed as to whether or not the relationship between himself as a prospective purchaser, and that of Lemon as a realtor, constituted a fiduciary relationship which would impose a constructive trust on the property in favor of Blundell to prevent the unjust enrichment of Lemon. Since this argument is being raised for the first time on appeal, it cannot be considered by this Court.

Tex.R.Civ.P. 166–A now provides in part the following:

". . . Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. . . ."

■■ The Texas Supreme Court, in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), stated that the amendment to Rule 166–A was a response to criticism that the non-movant in a summary judgment proceeding could "lay behind the log" in the trial court and urge deficiencies for the first time on appeal. The movant is no longer required to negate all possible issues of law and fact that could be raised by the non-movant in the trial court, but were not. The non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment, and failing to do so, may not later assign them as error on appeal.

Appellant admits in his brief that he did not specifically pray for a constructive trust and neither did he assert a constructive trust in opposition to Lemon's motion for summary judgment. Thus, this Court holds that Blundell does not have a point of error presented to this Court which is entitled to consideration. *City of Houston v. Clear Creek Basin Authority*, supra; *Feller v. Southwestern Bell Telephone Company*, 581 S.W.2d 775 (Tex.Civ.App. Houston—14th Dist.1979, no writ).

The judgment of the trial court is affirmed.