George LEMON, Jr., Appellant,

v.

Harlin SPANN and Benny Blundell, Appellees.

No. 8993.

Court of Appeals of Texas, Texarkana.

March 9, 1982.

Rehearing Denied April 6, 1982.

Robert Rolston, Russell & Rolston Law Offices, Mount Pleasant, for appellant.

Roger Sanders, Sherman, for appellees.

BLEIL, Justice.

George Lemon, Jr. appeals from a judgment imposing a constructive trust in favor of Harlin Spann and Benny Blundell on a 120 acre tract of land he acquired in 1976. We reverse the trial court's judgment on the basis of the doctrine of res judicata.

In January, 1978, Benny Blundell sued George Lemon, Sr. That suit arose out of the fact that Lemon was a real estate agent who had obtained a listing with the owners of a certain 120 acre tract of land. In September, 1976, Benny Blundell signed a contract to buy this property and gave Lemon a $1,000.00 check from himself and one from Harlin Spann. These checks were tendered as the $2,000.00 earnest money but were never negotiated. The contract was never presented to the owners. In October Blundell was informed by George Lemon, Sr. that the owners had sold the land to a purchaser who had made an offer before Lemon presented Blundell's. It developed

that Lemon had actually arranged for George Lemon, Jr. to buy the land. The 1978 suit sought to impose an equitable lien or to enforce specific performance of the contract. Alternatively it sought damages based on the fraudulent conduct of George Lemon, Sr.

Lemon filed a motion for summary judgment and the trial court granted it in part, declaring that Blundell take nothing by virtue of his claim for specific performance and for an equitable lien against the property. Lemon then filed a motion to sever the cause insofar as it asserted an interest in the land. The basis of the motion was that George Lemon, Jr. had bought the property and that severance was necessary to remove the cloud on his title so that he could freely deal with the property. The court entered its order severing the matters covered by the partial summary judgment from the remaining issues of fraud.

An appeal was perfected and we affirmed. *Blundell v. Lemon*, 596 S.W.2d 239 (Tex.Civ.App.—Texarkana 1980, no writ). On that appeal Blundell insisted that a material fact issue existed as to whether the relationship between himself as prospective purchaser, and Lemon as a realtor, constituted a fiduciary relationship which would impose a constructive trust on the property in his favor to prevent Lemon's unjust enrichment. We held that since Blundell did not raise that fact issue in opposition to the motion for summary judgment, he could not do so on appeal.

This proceeding was filed March, 1979, by Harlin Spann and Benny Blundell against George Lemon, Jr. The estate of George Lemon, Sr., who had died, was brought in as an additional defendant. Essentially the same facts were alleged as were alleged in the first suit. Alleged was fraud on the part of both Lemons; a breached confidential relationship between Blundell and George Lemon, Sr.; and authorization or ratification by George Lemon, Jr. of George Lemon, Sr.'s acts. Spann and Blundell sought the imposition of a constructive trust on the land, damages and punitive damages. The case proceeded to trial with George Lemon, Jr. as the only defendant. Based on a jury's verdict the court imposed a constructive trust on the property.

When, as in this case, a cause of action is once finally determined the doctrine of res judicata bars litigation by new proceedings. The judgment in the first suit precludes a second action by parties and their privies not only on matters actually litigated but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit. *Texas Water Rights Commission v. Crow Iron Works*, 582 S.W.2d 768 (Tex.1979); *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973). All requisites to establish res judicata have been shown in this cause.

Appellees contend that there are different parties in this suit. They say that Harlin Spann is a new plaintiff and that George Lemon, Jr. is a new defendant; therefore res judicata does not apply. *Swilley v. McCain*, 374 S.W.2d 871 (Tex.1964), is cited as authority in support of this proposition. However, *Swilley*, like other cases recognizes that the doctrine extends to not just the actual parties but to those in privity with them. Privity in this sense means a mutual or successive relationship to the same rights of property. *Ames v. Herrington*, 139 S.W.2d 183 (Tex.Civ.App.—Eastland 1940, writ dism'd judgmt. cor.); *Townsend v. Townsend*, 115 S.W.2d 769 (Tex.Civ.App.—Dallas 1938, no writ). And, where the rights or liabilities of a party are derivative, a judgment binding a party from whom the rights or liabilities are derived may be set up as a bar in a second suit. *Siratt v. City of River Oaks*, 305 S.W.2d 207 (Tex.Civ.App.—Fort Worth 1957, writ ref'd). With these principles in mind we look to the two parties not named in the earlier suit.

The rights of Harlin Spann and George Lemon, Jr. in the tract of land were mutual to those of Blundell and George Lemon, Sr., respectively. Further, they were derivative. Spann conceded that any interest he had in the property was to be through Blundell. Any judgment against George

Lemon, Jr. is dependent on first establishing a cause of action against George Lemon, Sr., for fraud or breach of a fiduciary relationship. On these bases we determine that Spann and George Lemon, Jr. were privies to the parties in the first suit.

Next, appellees say that, as we recognized in our earlier opinion, they did not litigate the merits of imposing a constructive trust in the prior suit. However, this was an equitable matter which might have been litigated in the first suit seeking to enforce an equitable lien or specific performance. Even appellees recognized this when they asserted it on their earlier appeal as the basis to bar the granting of the partial summary judgment in the first suit. That judgment barred the equitable proceedings seeking a claim against the land and severed the fraud claims seeking damages. The instant judgment imposing a constructive trust is barred because that matter might have been litigated by the parties or their privies in the first suit.

Because we have determined that the judgment is barred by res judicata, we turn to the cross points of error raised by Spann and Blundell. They urge that the trial court erred in not admitting certain statements made by George Lemon, Sr. to show his state of mind, in failing to submit additional special issues covering the fraud allegations, and in failing to submit an issue covering punitive damages. These points concern recovery of damages on the basis of fraud. Ordinarily actual damages are required to support an award of exemplary damages. *Giraud v. Moore*, 86 Tex. 675, 26 S.W. 945 (1894). Any error relating to the failure to admit statements made by George Lemon, Sr. and to the failure to submit other fraud special issues are wholly immaterial because no damages were shown by appellees or found by the jury. And, for that reason, the trial court was not required to submit an issue on punitive damages.

We reverse the judgment of the trial court and render a take nothing judgment.