Tracy DELESE, Appellant,

v.

ALBERTSON'S, INC., Steve Graves, Noel Crabtree, Christy McKamie, and Terrance Sloan, Appellees.

No. 06–01–00043–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 8, 2001.

Decided July 3, 2002.

Dana G. Bruce, Bobby G. Pryor, Pryor & Bruce, Rockwall, for Appellant.

Dale Jensen, J. Patrick Gallagher, Gallagher Law Office, Fort Worth, for Appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice GRANT.

Tracy Delese appeals the summary judgment granted in favor of Albertson's, Inc., Steve Graves, Noel Crabtree, Christy McKamie, and Terrance Sloan (collectively, Appellees). Delese sued Appellees alleging Graves, Crabtree, McKamie, and Sloan made certain fraudulent statements about him to police. He also contended that they were acting within the scope of their employment with Albertson's and

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

that Albertson's ratified their fraudulent statements and conspired with them in the making of their statements.

Appellees filed a Motion for Summary Judgment under Tex.R. Civ. P. 166a(b) and (i), contending there was no evidence to support Delese's fraud claim and they were entitled to judgment as a matter of law on their defenses of estoppel and public policy. The trial court granted Appellees' motion.

Delese contends the trial court erred in granting summary judgment (1) because he produced some evidence to support each element of his fraud claim; (2) because the trial court improperly considered inadmissible material as summary judgment proof; and (3) because Appellees failed to establish the applicability of their estoppel and public policy defenses.

This case arose out of a shoplifting incident involving Delese that occurred at Albertson's. Graves observed Delese go to the meat counter, order two T-bone steaks (approximately eleven dollars in value), and put the two wrapped packages in his shorts as he walked to the exit. Graves and Crabtree confronted Delese, who broke away and ran toward the checkout stands with Graves and Crabtree in pursuit. Graves caught up to Delese, a struggle ensued, and in the course of that struggle, an elderly lady, Hazel Ray, was knocked to the ground and broke her hip.

Graves, Crabtree, McKamie, and Sloan gave statements to police that Delese threw Graves into Ray. Delese later pleaded guilty to robbery, i.e., intentionally or knowingly causing bodily injury to Ray in the course of committing theft.[1] Ray sued Albertson's, Graves, and Crabtree, eventually settling her claim.

1. The indictment did not contain an allegation that Delese recklessly caused Ray's injury.

In his petition, Delese alleged the statements Graves, Crabtree, McKamie, and Sloan gave to police that he pushed Graves into Ray and injured her were false. Delese's theory was that because he did not remember whether he shoved Graves into anyone, he did not have any basis for controverting the witnesses' statements. Thus, he could not contest the allegation that he intentionally or knowingly caused Ray's bodily injury. Instead, in reliance on those statements, he pleaded guilty to robbery and received two years in prison, rather than going to trial or pleading guilty to a lesser offense.

Delese has asserted a cause of action, which he labels as fraud and conspiracy. The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought, not on the terms used to describe the cause of action. The nature of this cause of action recognized under Texas law is malicious prosecution, which may arise from prior actions in a criminal proceeding. *See Kale v. Palmer*, 791 S.W.2d 628 (Tex.App.—Beaumont 1990, writ denied). The substance of the allegations cannot be converted from the tort of malicious prosecution into another cause of action at the convenient labeling of the parties. *See Smith v. Sneed*, 938 S.W.2d 181, 185 (Tex. App.—Austin 1997, no writ).

As the court said in *ITT Consumer Fin. Corp. v. Tovar*, a plaintiff cannot avoid the strict elements of a malicious prosecution action by giving it another label. 932 S.W.2d 147, 155–56 (Tex.App.—El Paso 1996, writ denied).

The elements of a cause of action for malicious prosecution based on a case

of prior criminal prosecution are as follows:

(1) commencement of a criminal prosecution against the plaintiff; [2]

(2) institution of the action by the defendant;

(3) with malice and commencement of the proceeding;

(4) lack of probable cause for filing the criminal complaint;

(5) the plaintiff is innocent;

(6) the termination of the proceeding in the plaintiff's favor; and

(7) damage to the plaintiff.

*Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997).

In *Browning–Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288 (Tex.1994), the Supreme Court of Texas wrote a lengthy discussion concerning the need of the exact prerequisites for liability in a malicious prosecution proceeding to encourage the reporting of criminal conduct.

The case of *Kale v. Palmer* bears much similarity to the present case inasmuch as the appellants had sought to bring their action in the trial court as an action for fraud and conspiracy to defraud, but the court determined that the true nature of the cause of action was malicious prosecution. The court went on to say that this amounted to an effort to circumvent the law concerning malicious prosecution. The *Kale* case differs from the present case because the prior litigation was of a civil nature.

Appellees moved for summary judgment in part under Tex.R. Civ. P. 166a(b). To prevail on such a motion, the movant must establish that there is no

---

**2.** A malicious prosecution case can be based on proof of false information being given to law enforcement authorities. *Turner v. Roadway Express, Inc.*, 911 S.W.2d 224 (Tex. App.—Fort Worth 1995, writ denied); *see also Browning–Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 294 (Tex.1994).

genuine issue of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Summary judgment for a defendant is proper when such defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Id.* On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.*

■ Delese contends summary judgment was inappropriate on Appellees' estoppel defense. Appellees contended Delese's guilty plea to and conviction of robbery estops him from asserting his claims against them. Estoppel is defined in Black's Law Dictionary as "[a] bar that prevents one from asserting a claim or right that contradicts what one has said or done before or has been legally established as true." Also, estoppel is defined as "[a] bar that prevents the relitigation of issues." BLACK'S LAW DICTIONARY 570 (7th ed. 1999).

■ The doctrine is designed to promote judicial efficiency and to prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact. *Id.* For collateral estoppel to be invoked, it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation and that the party had a full and fair opportunity to litigate the issue in the prior suit. *Eagle*

*Props., Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990).

■ The doctrine of collateral estoppel is applicable to prior criminal litigation as well as civil litigation. *See Johnston v. Am. Med. Int'l,* 36 S.W.3d 572 (Tex.App.—Tyler 2000, pet. denied). In the *Johnston* case, the court stated that when an issue was litigated and critical to the prior criminal conviction, the convicted party is estopped from attacking the judgment or any issue necessarily decided by the guilty verdict. The court goes on to say that a criminal defendant cannot litigate the issue of his guilt again in a civil action because a fully litigated issue should not be retried. *Id.* at 576 (citing *Dover v. Baker, Brown, Sharman & Parker,* 859 S.W.2d 441, 447 (Tex.App.—Houston [1st Dist.] 1993, no writ)).

■ A guilty plea, as opposed to a conviction after trial, also collaterally estops a plaintiff from relitigating his or her guilt because "a valid guilty plea serves as a full and fair litigation of the facts necessary to establish the elements of the crime." *Johnston,* 36 S.W.3d at 576 (citing *State Farm Fire & Cas. Co. v. Fullerton,* 118 F.3d 374, 378 (5th Cir.1997)). When the issue is identical to the issue in the criminal case, because the plaintiff pleaded guilty, and because the determination of guilt was a critical and necessary part of the criminal judgment, the issue cannot be litigated again. *Dover,* 859 S.W.2d at 450.

In the present case, Delese pleaded guilty to robbery, i.e., intentionally or knowingly causing bodily injury to Ray in the course of committing theft. Appellees provided a copy of the judgment of conviction as part of the summary judgment proof. In pleading guilty, Delese testified that he was pleading guilty because he was guilty and for no other reason, that he had no objections to the stipulated testimony,

that the stipulated testimony was true and correct, and that he admitted intentionally or knowingly causing Ray to fall and break her hip.

■■■ Delese asserts the alleged fraud as a bar against defendants' estoppel defense. In relation to attacks on final judgments, only extrinsic fraud denies the losing litigant the opportunity to fully litigate his or her rights or defenses at trial. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984). The alleged perjury of a witness on a contested issue, which the opposing party had the opportunity to refute, is intrinsic fraud, that which is inherent in the matter considered and determined in the original action. *Id.* at 313. Such intrinsic fraud does not deny the litigant the full and fair opportunity to litigate the issue and therefore does not bar collateral estoppel.

The fraud that Delese alleges is that statements given to the police were false. Delese stipulated to the statements during his criminal proceedings. Although he alleges he could not remember whether he shoved Graves, Delese had an opportunity to plead not guilty, to call witnesses, to cross-examine witnesses, and have all of the protections afforded a defendant in a criminal trial, including the requirement of evidence to prove his guilt beyond a reasonable doubt. He could have fully placed the burden on the State so the testimony against him could have been fully developed. In other words, Delese had the opportunity to fully and fairly litigate the facts in the case. He chose instead to plead guilty. His allegations of intrinsic fraud will not bar collateral estoppel as to the issues decided by his criminal conviction.

One of the elements required to sustain a suit for malicious prosecution is that the plaintiff is innocent. One of the issues decided by the criminal proceeding was Delese's guilt. Because collateral estoppel bars Delese from relitigating the issue of his guilt, Delese cannot maintain his suit for malicious prosecution. Therefore, the Appellees established their right to judgment as a matter of law, and summary judgment was appropriate. We need not consider the other grounds for summary judgment raised in Appellees' motion.

The judgment is affirmed.