In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00043-CV


______________________________




TRACY DELESE, Appellant



V.



ALBERTSON'S, INC., STEVE GRAVES, NOEL CRABTREE, 


CHRISTY MCKAMIE AND TERRANCE SLOAN, Appellees



 


On Appeal from the 102nd Judicial District Court


Bowie County, Texas


Trial Court No. 99C0282-102




 





Before Grant, Ross, and Cornelius,* JJ.

Opinion by Justice Grant



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

O P I N I O N



 Tracy Delese appeals the summary judgment granted in favor of Albertson's, Inc., Steve
Graves, Noel Crabtree, Christy McKamie, and Terrance Sloan (collectively, Appellees). Delese sued
Appellees alleging Graves, Crabtree, McKamie, and Sloan made certain fraudulent statements about
him to police. He also contended that they were acting within the scope of their employment with
Albertson's and that Albertson's ratified their fraudulent statements and conspired with them in the
making of their statements. 

 Appellees filed a Motion for Summary Judgment under Tex. R. Civ. P. 166a(b) and (i),
contending there was no evidence to support Delese's fraud claim and they were entitled to judgment
as a matter of law on their defenses of estoppel and public policy. The trial court granted Appellees'
motion.

 Delese contends the trial court erred in granting summary judgment (1) because he produced
some evidence to support each element of his fraud claim; (2) because the trial court improperly
considered inadmissible material as summary judgment proof; and (3) because Appellees failed to
establish the applicability of their estoppel and public policy defenses.

 This case arose out of a shoplifting incident involving Delese that occurred at Albertson's. 
Graves observed Delese go to the meat counter, order two T-bone steaks (approximately eleven
dollars in value), and put the two wrapped packages in his shorts as he walked to the exit. Graves
and Crabtree confronted Delese, who broke away and ran toward the checkout stands with Graves
and Crabtree in pursuit. Graves caught up to Delese, a struggle ensued, and in the course of that
struggle, an elderly lady, Hazel Ray, was knocked to the ground and broke her hip.

 Graves, Crabtree, McKamie, and Sloan gave statements to police that Delese threw Graves
into Ray. Delese later pleaded guilty to robbery, i.e., intentionally or knowingly causing bodily
injury to Ray in the course of committing theft. (1) Ray sued Albertson's, Graves, and Crabtree,
eventually settling her claim.

 In his petition, Delese alleged the statements Graves, Crabtree, McKamie, and Sloan gave
to police that he pushed Graves into Ray and injured her were false. Delese's theory was that
because he did not remember whether he shoved Graves into anyone, he did not have any basis for
controverting the witnesses' statements. Thus, he could not contest the allegation that he
intentionally or knowingly caused Ray's bodily injury. Instead, in reliance on those statements, he
pleaded guilty to robbery and received two years in prison, rather than going to trial or pleading
guilty to a lesser offense.

 Delese has asserted a cause of action, which he labels as fraud and conspiracy. The true
nature of a lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief
sought, not on the terms used to describe the cause of action. The nature of this cause of action
recognized under Texas law is malicious prosecution, which may arise from prior actions in a
criminal proceeding. See Kale v. Palmer, 791 S.W.2d 628 (Tex. App.-Beaumont 1990, writ denied). 
The substance of the allegations cannot be converted from the tort of malicious prosecution into
another cause of action at the convenient labeling of the parties. See Smith v. Sneed, 938 S.W.2d
181, 185 (Tex. App.-Austin 1997, no writ).

 As the court said in ITT Consumer Fin. Corp. v. Tovar, a plaintiff cannot avoid the strict
elements of a malicious prosecution action by giving it another label. 932 S.W.2d 147, 155-56 (Tex.
App.-El Paso 1996, writ denied).

 The elements of a cause of action for malicious prosecution based on a case of prior criminal
prosecution are as follows:

 (1) commencement of a criminal prosecution against the plaintiff; (2)

 (2) institution of the action by the defendant; 

 (3) with malice and commencement of the proceeding;

 (4) lack of probable cause for filing the criminal complaint;

 (5) the plaintiff is innocent;

 (6) the termination of the proceeding in the plaintiff's favor; and

 (7) damage to the plaintiff.

Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).

 In Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288 (Tex. 1994), the Supreme Court
of Texas wrote a lengthy discussion concerning the need of the exact prerequisites for liability in a
malicious prosecution proceeding to encourage the reporting of criminal conduct.

 The case of Kale v. Palmer bears much similarity to the present case inasmuch as the
appellants had sought to bring their action in the trial court as an action for fraud and conspiracy to
defraud, but the court determined that the true nature of the cause of action was malicious
prosecution. The court went on to say that this amounted to an effort to circumvent the law
concerning malicious prosecution. The Kale case differs from the present case because the prior
litigation was of a civil nature. 

 Appellees moved for summary judgment in part under Tex. R. Civ. P. 166a(b). To prevail
on such a motion, the movant must establish that there is no genuine issue of material fact and that
the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment
for a defendant is proper when such defendant negates at least one element of each of the plaintiff's
theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant. Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999). We indulge every reasonable inference and resolve any doubt
in the nonmovant's favor. Id. On appeal, the movant still bears the burden of showing that there is
no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id.

 Delese contends summary judgment was inappropriate on Appellees' estoppel defense. 
Appellees contended Delese's guilty plea to and conviction of robbery estops him from asserting his
claims against them. Estoppel is defined in Black's Law Dictionary as "[a] bar that prevents one
from asserting a claim or right that contradicts what one has said or done before or has been legally
established as true." Also, estoppel is defined as "[a] bar that prevents the relitigation of issues." 
Black's Law Dictionary 570 (7th ed. 1999).

 The doctrine is designed to promote judicial efficiency and to prevent inconsistent judgments
by preventing any relitigation of an ultimate issue of fact. Id. For collateral estoppel to be invoked,
it is only necessary that the party against whom the plea of collateral estoppel is being asserted be
a party or in privity with a party in the prior litigation and that the party had a full and fair
opportunity to litigate the issue in the prior suit. Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714,
721 (Tex. 1990).

 The doctrine of collateral estoppel is applicable to prior criminal litigation as well as civil
litigation. See Johnston v. Am. Med. Int'l, 36 S.W.3d 572 (Tex. App.-Tyler 2000, pet. denied). In
the Johnston case, the court stated that when an issue was litigated and critical to the prior criminal
conviction, the convicted party is estopped from attacking the judgment or any issue necessarily
decided by the guilty verdict. The court goes on to say that a criminal defendant cannot litigate the
issue of his guilt again in a civil action because a fully litigated issue should not be retried. Id. at 576
(citing Dover v. Baker, Brown, Sharman & Parker, 859 S.W.2d 441, 447 (Tex. App.-Houston [1st
Dist.] 1993, no writ)). 

 A guilty plea, as opposed to a conviction after trial, also collaterally estops a plaintiff from
relitigating his or her guilt because "a valid guilty plea serves as a full and fair litigation of the facts
necessary to establish the elements of the crime." Johnston, 36 S.W.3d at 576 (citing State Farm
Fire & Cas. Co. v. Fullerton, 118 F.3d 374, 378 (5th Cir. 1997)). When the issue is identical to the
issue in the criminal case, because the plaintiff pleaded guilty, and because the determination of guilt
was a critical and necessary part of the criminal judgment, the issue cannot be litigated again. Dover,
859 S.W.2d at 450.

 In the present case, Delese pleaded guilty to robbery, i.e., intentionally or knowingly causing
bodily injury to Ray in the course of committing theft. Appellees provided a copy of the judgment
of conviction as part of the summary judgment proof. In pleading guilty, Delese testified that he was
pleading guilty because he was guilty and for no other reason, that he had no objections to the
stipulated testimony, that the stipulated testimony was true and correct, and that he admitted 
intentionally or knowingly causing Ray to fall and break her hip. 

 Delese asserts the alleged fraud as a bar against defendants' estoppel defense. In relation to
attacks on final judgments, only extrinsic fraud denies the losing litigant the opportunity to fully
litigate his or her rights or defenses at trial. See Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex.
1984). The alleged perjury of a witness on a contested issue, which the opposing party had the
opportunity to refute, is intrinsic fraud, that which is inherent in the matter considered and
determined in the original action. Id. at 313. Such intrinsic fraud does not deny the litigant the full
and fair opportunity to litigate the issue and therefore does not bar collateral estoppel. 

 The fraud that Delese alleges is that statements given to the police were false. Delese
stipulated to the statements during his criminal proceedings. Although he alleges he could not
remember whether he shoved Graves, Delese had an opportunity to plead not guilty, to call
witnesses, to cross-examine witnesses, and have all of the protections afforded a defendant in a
criminal trial, including the requirement of evidence to prove his guilt beyond a reasonable doubt. 
He could have fully placed the burden on the State so the testimony against him could have been
fully developed. In other words, Delese had the opportunity to fully and fairly litigate the facts in
the case. He chose instead to plead guilty. His allegations of intrinsic fraud will not bar collateral
estoppel as to the issues decided by his criminal conviction.

 One of the elements required to sustain a suit for malicious prosecution is that the plaintiff
is innocent. One of the issues decided by the criminal proceeding was Delese's guilt. Because
collateral estoppel bars Delese from relitigating the issue of his guilt, Delese cannot maintain his suit
for malicious prosecution. Therefore, the Appellees established their right to judgment as a matter
of law, and summary judgment was appropriate. We need not consider the other grounds for
summary judgment raised in Appellees' motion.


 The judgment is affirmed.



 Ben Z. Grant

 Justice


Date Submitted: November 8, 2002

Date Decided: July 3, 2002


Publish
1. The indictment did not contain an allegation that Delese recklessly caused Ray's injury.
2. A malicious prosecution case can be based on proof of false information being given to law
enforcement authorities. Turner v. Roadway Express, Inc., 911 S.W.2d 224 (Tex. App.-Fort Worth
1995, writ denied); see also Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 294 (Tex. 1994)
.



 being lost or destroyed. The record was
created--but no longer was in existence or transcribable, through no fault of the party. That is not
our situation. Here, no record of the testimony of these witnesses was ever recorded by the reporter. (3) 
Further, we cannot conclude that failure to produce the entire record is totally without appellant's
fault or that the proof shows compliance with the diligence requirements in Rule 34.6(f). 

 Keeling's main argument has been that the court reporter shirked his duty by failing to record,
and thus reversible error is shown. Even if this case could be found to be governed by the rules
concerning a lost or destroyed record, we disagree that a new trial is required. Under that analysis,
one of the requirements for mandating a new trial is that the loss or destruction of the court reporter's
notes must be without appellant's fault. Tex. R. App. P. 34.6(f)(2). Here, the court reporter was
present during the video recording, but wholly failed to record any of the evidence presented in the
videotapes. Under recent authority from this Court, we conclude that the failure to object to the
reporter's failure to record the depositions is important. In Rittenhouse v. Sabine Valley Center
Found., Inc., 161 S.W.3d 157, 161-62 (Tex. App.--Texarkana 2005, no pet.), we held (based in part
on our earlier opinion in Brossette v. State, 99 S.W.3d 277, 284-85 (Tex. App.--Texarkana 2003,
pet. dism'd, untimely filed), that the court reporter must record all proceedings unless the parties
expressly waive their right to have a court reporter record the proceedings--and recognized that,
without that express waiver, the court reporter's failure to transcribe the proceedings violates Rule
13.1(a) and constitutes error. 

 However, we concluded that any error of that nature was not preserved for appellate review
because counsel made no objection to the failure to report the proceedings. (4) We recognized that the
Texas Court of Criminal Appeals, in analyzing the relevant rules (which apply both to criminal and
civil cases), has held that an objection is still required to preserve the failure to record the
proceedings for appellate review. Valle v. State, 109 S.W.3d 500, 508-09 (Tex. Crim. App. 2003). (5) 

 We emphasize this is not a situation where a party contends that a single line or a short
portion of testimony was omitted. To require an objection in that circumstance would place an
unfeasible burden on counsel to watch the reporter's every move in detail--simply to be able to
timely object. But here two entire depositions were not recorded by the court reporter. One of the
depositions was the testimony of an expert concerning the mental capacity of the testator. Typically,
this type of deposition requires an explanation of the background and qualifications of the witness
in order that the witness may express an opinion, the type of analysis performed, and the opinion of
the witness. Many times such witnesses are thoroughly cross-examined. The testimony regarding
the mental capacity of the testator was the primary issue in the case. The record shows no objection,
no comments made, nothing to indicate that the reporter's inaction was brought to the attention of
the court with any attempt to correct the failure at a point at which the trial court could have
corrected the omission. Unlike either Vandiver or Rogers, there has been no attempt made to
provide any record that would show either it was or was not apparent that the court reporter was
recording the proceedings. 

 Another method of ensuring a complete record would have been to offer the videotape
recording itself into evidence. Finally, as previously stated, no effort has been made to supplement
the record from existing copies of the transcribed depositions. Rule 34.6(f)(4) states that, to be
entitled to a new trial, the appellant must show that the lost or destroyed record cannot be replaced
by agreement of the parties or the lost or destroyed exhibit cannot be replaced either by agreement
or with a copy determined by the trial court to accurately duplicate with reasonable certainty the
original exhibit. Here, there has been no attempt to obtain an agreement as to the record or have the
trial court determine if a duplicate of the exhibit (the videotape) could be produced. Consequently,
there is no proof that the missing portions of the record could not have been replaced by agreement
or that the trial court was unable to accurately duplicate the exhibit. Therefore, even if we should
conclude that this record should be treated as lost or destroyed, we cannot say the failure to obtain
the omitted portion of the record is without any fault of appellant or that appellant has proved the
requirements necessary for a new trial--that a record cannot be replaced by agreement or that an
exhibit cannot be replaced either by agreement or by trial court certification. As we have discussed,
appellant could have objected to the court reporter's failure to record two complete video recordings
of this crucial testimony, moved the court to receive the video recording into evidence, and finally
could have requested either the trial court or this Court to allow supplementation or correction of the
record by use of the transcribed copies of the depositions or the videotape as an exhibit. 

 The case on which Keeling relies to support her claim for a new trial demonstrates the very
rule we have discussed. See Vandiver, 941 S.W.2d at 348. As Keeling does here, State Farm in
Vandiver asserted that the evidence was insufficient to support the findings of the jury and urged
that, since a complete record could not be produced, it was entitled to a new trial. Id. at 345. The
Waco Court of Appeals agreed with that general statement, citing the Englander case. Id. at 345 n.1. 
The facts in Vandiver were that the court reporter was in the courtroom and was moving his hands
in such a manner that everyone involved thought a record was being made when it was not. 
However, an audiotape recording was made of all the evidence. Id. at 349. On motion, the appellate
court remanded the matter to the trial court to determine a correct statement of facts. Thereafter,
State Farm moved the appellate court to strike the corrected record. The appellate court found the
audiotape record to be proper and denied the motion to strike; thus, the motion to reverse and remand
was denied. The purpose of the rule is to allow a correct record to be presented to the appellate court
if that is possible so that the case may be determined on the merits rather than by presumptions. In
Vandiver, after remanding the case to the trial court, a proper record was presented. By contrast,
here, appellant has not requested a correction of the record. One may not sit idly by knowing that
a record is lost, destroyed, or omitted and make no attempt to comply with the rules of procedure
allowing correction or supplementation and then rely on that incomplete record to complain that a
new trial must be granted. 

V. Conclusion

 The final result is that we have an incomplete record before us for review. The controlling
caselaw clearly states that, when a record is incomplete (and the rules on partial records do not
apply--which they do not), we must presume that the missing portion of the record supports the
factual determinations made by the fact-finder. Bennett v. Cochran, 96 S.W.3d 227, 230 (Tex.
2002). Thus, all of Arrendell's fact-based contentions of error fail.

VI. Did the Court Err In the Nature of Relief Granted?

 The only remaining issue is Keeling's contention that the trial court exceeded its authority
by setting aside a deed, granting monetary damages against Keeling personally, and placing a
constructive trust on the funds in Keeling's possession for which she had been the designated "pay
on death" beneficiary. Keeling's argument assumes first that those actions by the trial court were in
the nature of ruling on causes of action, and second that the court erred by granting a post-verdict
trial amendment to allow those new causes of action to be raised. 

 We disagree with the initial assumption. A constructive trust is not a cause of action, only
a remedy for breach of fiduciary duty. Trutec Oil & Gas, Inc. v. W. Atlas Int'l, Inc., 194 S.W.3d 580,
586 n.7 (Tex. App.--Houston [14th Dist.] 2006, no pet.); see Meadows v. Bierschwale, 516 S.W.2d
125, 128-29 (Tex. 1974); Grace v. Zimmerman, 853 S.W.2d 92, 97 (Tex. App.--Houston [14th
Dist.] 1993, no writ). (6) In this case, a breach of fiduciary duty was found, involving the taking of
money by Keeling. Thus, under these facts, finding monetary damages and then creating a
constructive trust over the remaining funds is a reasonable method to attempt to effectuate the
verdict. Similarly, in this context, the order setting aside the deeds is not a new cause of action, it
is a means of effectuating the judgment entered by the court. 

 Even had this had been a cause of action rather than a mode of relief, post-trial amendments
to pleadings designed to match the pleadings to the verdict of the jury must be allowed unless the
opposing party presents evidence of prejudice or surprise or the amendment asserts a new cause of
action or defense and the opposing party objects to the amendment. Greenhalgh v. Serv. Lloyds Ins.
Co., 787 S.W.2d 938, 939-40 (Tex. 1990). There is no evidence of prejudice or surprise in the
record before us, and the amendments do not assert a new cause of action or defense. The contention
of error is overruled.

 We affirm the judgment.


 Jack Carter

 Justice


Date Submitted: November 30, 2006

Date Decided: December 21, 2006

1. There are a number of drawbacks that appear when such transcriptions are not made. When
only excerpts are played, it is often not clear which portions are actually heard by the jury, and even
when identifying information is provided, locating those segments of the recorded depositions is
equally problematic and time-consuming. When the entire deposition is played, the length of time
required for our review of the evidence is exponentially increased because we must review the
testimony in real time rather than by reading a record. 

 Even this, however, does not address the underlying policy difficulties caused by providing
reviewing courts with videotapes of testimony. Because we are a reviewing court, we are not to
consider the credibility of the witnesses. When the recording of testimony is before us, one of the
traditional reasons for that restriction on the extent of our review loses a good bit of its validity. We
now have the ability to see the witness and gauge his or her credibility or believability equally as
well as could the jury. Exactly the same material is before us as was before the jury. It thus becomes
difficult to justify restricting our review to the "cold record," because that is no longer what it is.
2. Rule 13.1 provides:


 The official court reporter or court recorder must:


 (a) unless excused by agreement of the parties, attend court sessions and make
a full record of the proceedings.


Tex. R. App. P. 13.1(a). 
3. It is not clear that this "lost or destroyed" provision applies in this case because the record
in question was never in existence and therefore was not actually lost or destroyed. Many courts
have held that, in order to obtain a new trial for this reason, an appellant must show the record or
exhibits were actually lost or destroyed. See Adams v. Transp. Ins. Co., 845 S.W.2d 323, 324-25
(Tex. App.--Dallas 1992, no writ) (trial court finding that original exhibits were lost through no
fault of appellant); Hidalgo, Chambers & Co. v. Fed. Deposit Ins. Corp., 790 S.W.2d 700, 701 (Tex.
App.--Waco 1990, writ denied) (parties agreed original exhibit was lost).
4. Rule 33 provides


 (a) In General. As a prerequisite to presenting a complaint for appellate
review, the record must show that: 

 (1) the complaint was made to the trial court by a timely request,
objection, or motion . . . ."


Tex. R. App. P. 33.1(a).
5. See Brossette, 99 S.W.3d at 284-85; Williams v. State, 937 S.W.2d 479, 487 (Tex. Crim.
App. 1996) (former Rule 11); see also Morin-Spatz v. Spatz, No. 05-00-01580-CV, 2002 WL
576513, at *8 (Tex. App.--Dallas Apr. 18, 2002, no pet.) (not designated for publication).
6. We also note that in her appeal Keeling has not attacked the jury's answer finding that she
breached her fiduciary duty to Arrendell.